FILED

1   ANDRÉ BIROTTE JR.
    United States Attorney           2013 SEP -3 PM 4:23
2   ROBERT E. DUGDALE
    Assistant United States Attorney
3   Chief, Criminal Division
    ALKA SAGAR (State Bar No. 115860)
4   Assistant United States Attorney
    Deputy Chief, Major Frauds Section
5        1100 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-6223
7        Facsimile: (213) 894-6269
         E-mail: [alka.sagar@usdoj.gov]
8
    Attorneys for Plaintiff
9   UNITED STATES OF AMERICA

10

11

12                  UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14   UNITED STATES OF AMERICA,       ) CR No. 13-**CR 13 00627**
                                     )
15                  Plaintiff,       ) PLEA AGREEMENT FOR DEFENDANT
                                     ) JONATTAN ROBLES
16             v.                    )
                                     )
17   JONATTAN ROBLES,                )
                                     )
18             Defendant.            )
                                     )
19   ────────────────────────────────)

20        1.   This constitutes the plea agreement between JONATTAN

21   ROBLES ("defendant") and the United States Attorney's Office for

22   the Central District of California ("the USAO") in the

23   investigation of JONATTAN ROBLES and others for filing false tax

24   returns with the Internal Revenue Service.  This agreement is

25   limited to the USAO and cannot bind any other federal, state,

26   local, or foreign prosecuting, enforcement, administrative, or

27   regulatory authorities.

28

1

<u>DEFENDANT'S OBLIGATIONS</u>

2      2.   Defendant agrees to:

3      a.   At the earliest opportunity requested by the USAO and
4 provided by the Court, appear and plead guilty to a one-count
5 information charging defendant with filing a false income tax
6 return for the year 2009, in violation of 26 U.S.C. § 7207, in
7 the form attached to this agreement as Exhibit A or a
8 substantially similar form.

9      b.   Not contest facts agreed to in this agreement.

10      c.   Abide by all agreements regarding sentencing factors
11 contained in this agreement.

12      d.   Appear for all court appearances, surrender as ordered
13 for service of sentence, obey all conditions of any bond, and
14 obey any other ongoing court order in this matter.

15      e.   Not commit any crime; however, offenses that would be
16 excluded for sentencing purposes under United States Sentencing
17 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
18 not within the scope of this agreement.

19      f.   Be truthful at all times with Pretrial Services, the
20 United States Probation Office, and the Court.

21      g.   Pay the applicable special assessment at or before the
22 time of sentencing unless defendant lacks the ability to pay and
23 submits a completed financial statement (form OBD-500) to the
24 USAO prior to sentencing.

25      3.   Defendant agrees to cooperate with the Internal Revenue
26 Service in the determination of defendant's tax liability for the
27 year 2009. Defendant agrees:

28

1     a.    To give up any and all objections that could be
2  asserted to the Examination Division of the Internal Revenue
3  Service receiving materials or information obtained during the
4  criminal investigation of this matter, including materials and
5  information obtained through grand jury subpoenas.

6     b.    Defendant is liable for the fraud penalty imposed by
7  the Internal Revenue Code, 26 U.S.C. § 6663, on the
8  understatement of tax liability for the year 2009.

9     c.    To sign closing agreements with the Internal Revenue
10 Service, immediately following the entry of defendant's guilty
11 plea pursuant to this agreement, permitting the Internal Revenue
12 Service to assess and collect the total sum of $7,985 (consisting
13 of tax due for the year 2009), in addition to the civil fraud
14 penalty and statutory interest as provided by law.

15                   THE USAO'S OBLIGATIONS

16    4.    The USAO agrees to:

17    a.    Not contest facts agreed to in this agreement.

18    b.    Abide by all agreements regarding sentencing factors
19 contained in this agreement.

20    c.    At the time of sentencing, provided that defendant
21 demonstrates an acceptance of responsibility for the offense up
22 to and including the time of sentencing, recommend a two-level
23 reduction in the applicable Sentencing Guidelines offense level,
24 pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,
25 move for an additional one-level reduction if available under
26 that section.

27    d.    Recommend that defendant be sentenced to a term of
28 probation, provided that the Court finds the advisory guideline

3

1  range to be 0 to 6 months based on a total offense level of 8 and
2  a criminal history category I.

3      e.  Not to further criminally prosecute defendant for
4  criminal violations, including criminal tax violations, arising
5  out of defendant's conduct described in the agreed-to factual
6  basis set forth in paragraph 11 below. Defendant understands that
7  the USAO is free to criminally prosecute defendant for any other
8  unlawful past conduct or any unlawful conduct that occurs after
9  the date of this agreement.  Defendant agrees that at the time of
10  sentencing the Court may consider the uncharged conduct in
11  determining the applicable Sentencing Guidelines range, the
12  propriety and extent of any departure from that range, and the
13  sentence to be imposed after consideration of the Sentencing
14  Guidelines and all other relevant factors under 18 U.S.C.
15  § 3553(a).

16                    NATURE OF THE OFFENSE

17      5.  Defendant understands that for defendant to be guilty
18  of violating Title 26, United States Code, Section 7207,
19  defendant must have: (1) submitted a tax return, statement or
20  other document to the IRS that was false or fraudulent as to a
21  material matter; and (2) acted willfully, that is, for the
22  specific purpose of evading his duty to report all income and pay
23  taxes due.  Defendant admits that defendant is, in fact, guilty
24  of this offense as described in the information.

25                 PENALTIES AND RESTITUTION

26      6.  Defendant understands that the statutory maximum
27  sentence that the Court can impose for a violation of Title 26,
28  United States Code, Section 7207 is: a one-year term of

                              4

1  imprisonment; a one-year period of supervised release; a fine of
2  $100,000, or twice the gross gain or gross loss resulting from
3  the offenses, whichever is greatest; and a mandatory special
4  assessment of $25.

5     7.   Defendant understands that the Court: (a) may order
6  defendant to pay any additional taxes, interest, and penalties
7  that defendant owes to the United States; and (b) must order
8  defendant to pay the costs of prosecution, which may be in
9  addition to the statutory maximum fine stated above.

10    8.   Defendant agrees to make full restitution for the
11 losses caused by defendant's activities.  Defendant agrees that,
12 in return for the USAO's compliance with its obligations under
13 this agreement, the amount of restitution is not restricted to
14 the amount alleged in the count to which defendant is pleading
15 guilty and may include losses arising from charges not prosecuted
16 pursuant to this agreement as well as all relevant conduct in
17 connection with those counts and charges.  The parties agree that
18 the total amount of loss for the charge that defendant is
19 pleading guilty to is $7,985 which is the amount of tax due to
20 the Internal Revenue Service for the year 2009, and the parties
21 currently believe that the applicable amount of restitution,
22 which includes, as relevant conduct, the amount of funds that
23 defendant received from the Defense Finance and Accounting
24 Service and the amount of tax due to the Internal Revenue Service
25 for the year 2009, is approximately $47,315, but recognize and
26 agree that the amount of restitution could change based on facts
27 that come to the attention of the parties prior to sentencing.

28    9.   Defendant understands that supervised release is a

1  period of time following imprisonment during which defendant will
2  be subject to various restrictions and requirements.  Defendant
3  understands that if defendant violates one or more of the
4  conditions of any supervised release imposed, defendant may be
5  returned to prison for all or part of the term of supervised
6  release authorized by statute for the offense that resulted in
7  the term of supervised release, which could result in defendant
8  serving a total term of imprisonment greater than the statutory
9  maximum stated above.
10      10.  Defendant understands that, by pleading guilty,
11  defendant may be subject to various collateral consequences,
12  including but not limited to, revocation of probation, parole, or
13  supervised release in another case and suspension or revocation
14  of a professional license.  Defendant understands that any
15  unanticipated collateral consequences will not serve as grounds
16  to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

18      11.  Defendant and the USAO agree to the statement of facts
19  provided below.  Defendant and the USAO agree that this statement
20  of facts is sufficient to support a plea of guilty to the charge
21  described in this agreement and to establish the Sentencing
22  Guidelines factors set forth in paragraph 13 below but is not
23  meant to be a complete recitation of all facts relevant to the
24  underlying criminal conduct or all facts known to either party
25  that relate to that conduct.
26      a.  During the year 2009, defendant Jonattan Robles, a
27  Corporal in the United States Marine Corps Reserve ("USMCR"),
28  reported for active military duty in Long Beach, California for

6

1  specified periods of time, during which defendant received
2  payments totaling approximately $39,330 from the Defense Finance
3  and Accounting Service ("DFAS").

4       b.   In filing his income tax return for the year 2008,
5  defendant knowingly and willfully failed to report approximately
6  $39,330 in funds received in 2009 from DFAS.

7       c.   Defendant's failure to report the receipt of these
8  funds on the tax return he filed for the year 2009 was material
9  to the ability of the Internal Revenue Service to assess the
10 amount of taxes owed by defendant.  Defendant's failure to report
11 approximately $39,330 in income on his 2009 tax return resulted
12 in a tax due and owing of approximately $7,985.

13                        SENTENCING FACTORS

14      12.  Defendant understands that in determining defendant's
15 sentence the Court is required to consider the factors set forth
16 in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence
17 and sentencing range established under the Sentencing Guidelines.
18 Defendant understands that the Sentencing Guidelines are advisory
19 only, that defendant cannot have any expectation of receiving a
20 sentence within the Sentencing Guidelines range, and that after
21 considering the Sentencing Guidelines and the other § 3553(a)
22 factors, the Court will be free to exercise its discretion to
23 impose any sentence it finds appropriate up to the maximum set by
24 statute for the crime of conviction.

25      13.  Defendant and the USAO agree to the following
26 //
27 //
28 //

7

applicable Sentencing Guidelines factors:

    Base Offense Level  :      10  [U.S.S.G. §§ 2T1.4, 2T4.1(C)]

    Adjustments:
    Acceptance of
    Responsibility:           -2  [U.S.S.G. § 3E1.1]

    Total Offense Level:     8

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

    14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

    15.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

    16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.    The right to persist in a plea of not guilty.

    b.    The right to a speedy and public trial by jury.

    c.    The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial. Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

    d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant

1  guilty beyond a reasonable doubt.

2      e.    The right to confront and cross-examine witnesses

3  against defendant.

4      f.    The right to testify on defendant's own behalf and

5  present evidence in opposition to the charges, including calling

6  witnesses and subpoenaing those witnesses to testify.

7      g.    The right not to be compelled to testify, and, if

8  defendant chose not to testify or present evidence, to have that

9  choice not be used against defendant.

10     h.    Any and all rights to pursue any affirmative defenses,

11 Fourth Amendment or Fifth Amendment claims, and other pretrial

12 motions that have been filed or could be filed.

13                    WAIVER OF APPEAL OF CONVICTION

14     17.   Defendant understands that, with the exception of an

15 appeal based on a claim that defendant's guilty plea was

16 involuntary, by pleading guilty defendant is waiving and giving

17 up any right to appeal defendant's conviction on the offense to

18 which defendant is pleading guilty.

19              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20     18.   Defendant agrees that, provided the Court imposes a

21 sentence of no more than 6 months imprisonment, defendant gives

22 up the right to appeal all of the following: (a) the procedures

23 and calculations used to determine and impose any portion of the

24 sentence; (b) the term of imprisonment imposed by the Court;

25 (c) the fine imposed by the court, provided it is within the

26 statutory maximum; (d) the amount and terms of any restitution

27 order, provided it requires payment of no more than $47,315;

28 (e) the term of probation or supervised release imposed by the

1   Court, provided it is within the statutory maximum; and (f) any

2   of the following conditions of probation or supervised release

3   imposed by the Court: the standard conditions set forth in

4   General Orders 318, 01-05, and/or 05-02 of this Court; the drug

5   testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and

6   3583(d); and the alcohol and drug use conditions authorized by 18

7   U.S.C. § 3563(b)(7).

8       19.   The USAO agrees that, provided (a) all portions of the

9   sentence are at or below the statutory maximum specified above,

10  the USAO gives up its right to appeal any portion of the

11  sentence, with the exception that the USAO reserves the right to

12  appeal the following: (a) the amount of restitution ordered if

13  that amount is less than $47,315.

14              RESULT OF WITHDRAWAL OF GUILTY PLEA

15      20.   Defendant agrees that if, after entering a guilty plea

16  pursuant to this agreement, defendant seeks to withdraw and

17  succeeds in withdrawing defendant's guilty plea on any basis

18  other than a claim and finding that entry into this plea

19  agreement was involuntary, then (a) the USAO will be relieved of

20  all of its obligations under this agreement; and (b) should the

21  USAO choose to pursue any charge that was not filed as a result

22  of this agreement, then (i) any applicable statute of limitations

23  will be tolled between the date of defendant's signing of this

24  agreement and the filing commencing any such action; and

25  (ii) defendant waives and gives up all defenses based on the

26  statute of limitations, any claim of pre-indictment delay, or any

27  speedy trial claim with respect to any such action, except to the

28  extent that such defenses existed as of the date of defendant's

signing this agreement.

EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the

statute of limitations, any claim of pre-indictment delay, or any
speedy trial claim with respect to any such action, except to the
extent that such defenses existed as of the date of defendant's
signing this agreement.

c.   Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a
hearing occurred prior to the breach); (ii) the agreed to factual
basis statement in this agreement; and (iii) any evidence derived
from such statements, shall be admissible against defendant in
any such action against defendant, and defendant waives and gives
up any claim under the United States Constitution, any statute,
Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the
Federal Rules of Criminal Procedure, or any other federal rule,
that the statements or any evidence derived from the statements
should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

24.  Defendant understands that the Court and the United
States Probation Office are not parties to this agreement and
need not accept any of the USAO's sentencing recommendations or
the parties' agreements to facts or sentencing factors.

25.  Defendant understands that both defendant and the USAO
are free to: (a) supplement the facts by supplying relevant
information to the United States Probation Office and the Court,
(b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations, and (c) argue on
appeal and collateral review that the Court's Sentencing
Guidelines calculations are not error, although each party agrees
to maintain its view that the calculations in paragraph 13 are

1  consistent with the facts of this case.  While this paragraph
2  permits both the USAO and defendant to submit full and complete
3  factual information to the United States Probation Office and the
4  Court, even if that factual information may be viewed as
5  inconsistent with the facts agreed to in this agreement, this
6  paragraph does not affect defendant's and the USAO's obligations
7  not to contest the facts agreed to in this agreement.

8      26.  Defendant understands that even if the Court ignores
9  any sentencing recommendation, finds facts or reaches conclusions
10  different from those agreed to, and/or imposes any sentence up to
11  the maximum established by statute, defendant cannot, for that
12  reason, withdraw defendant's guilty pleas, and defendant will
13  remain bound to fulfill all defendant's obligations under this
14  agreement.  Defendant understands that no one -- not the
15  prosecutor, defendant's attorney, or the Court -- can make a
16  binding prediction or promise regarding the sentence defendant
17  will receive, except that it will be within the statutory
18  maximum.

19                 NO ADDITIONAL AGREEMENTS

20      27.  Defendant understands that, except as set forth herein,
21  there are no promises, understandings, or agreements between the
22  USAO and defendant or defendant's attorney, and that no
23  additional promise, understanding, or agreement may be entered
24  into unless in a writing signed by all parties or on the record
25  in court.

26     PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27      28.  The parties agree that this agreement will be
28  considered part of the record of defendant's guilty plea hearing

13

1  as if the entire agreement had been read into the record of the

2  proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
   ANDRÉ BIROTTE JR.
6  United States Attorney

7

8  _____                  _____8|6|13_____
   ALKA SAGAR                                Date
9  Assistant United States Attorney

10

11 _____
12 JONATTAN ROBLES                           _____8/2/13_____
   Defendant                                 Date
13

14
15 _____                   ____8/5/13_____
   GEORGINA WAKEFIELD,                        Date
16 Deputy Federal Public Defender
   Attorney for Defendant
17 Jonattan Robles

18

19                     CERTIFICATION OF DEFENDANT

20      I have had enough time to review and consider this

21 agreement, and I have carefully and thoroughly discussed every

22 part of it with my attorney.  I understand the terms of this

23 agreement, and I voluntarily agree to those terms.  I have

24 discussed the evidence with my attorney, and my attorney has

25 advised me of my rights, of possible pretrial motions that might

26 be filed, of possible defenses that might be asserted either

27 prior to or at trial, of the sentencing factors set forth in 18

28 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

   and of the consequences of entering into this agreement.  No

                                 14

1 | promises, inducements, or representations of any kind have been
2 | made to me other than those contained in this agreement.  No one
3 | has threatened or forced me in any way to enter into this
4 | agreement.  I am satisfied with the representation of my attorney
5 | in this matter, and I am pleading guilty because I am guilty of
6 | the charges and wish to take advantage of the promises set forth
7 | in this agreement, and not for any other reason.

JONATTAN ROBLES                         8/2/13
Defendant                               Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am the attorney representing Jonattan Robles. I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          8/5/13
GEORGINA WAKEFIED,                        Date
Deputy Federal Public Defender
Attorney for Defendant
Jonattan Robles

16

1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,    )    CR No. 13-
                                  )
12                  Plaintiff,    )
                                  )    I N F O R M A T I O N
13            v.                  )    [26 U.S.C. § 7207: Filing False
                                  )    Tax Return]
14   JONATTAN ROBLES,             )
                                  )
15                  Defendant.    )
                                  )
16                                )
                                  )
17   _____)

18        The United States Attorney charges:

19                         COUNT ONE

20                     [26 U.S.C. § 7207]

21        On or about April 15, 2010, in Los Angeles County, within

22   the Central District of California, and elsewhere, defendant

23   JONATTAN ROBLES ("defendant ROBLES"), willfully filed with the

24   Internal Revenue Service, a U.S. Individual Income Tax Return,

25   Form 1040, for the calendar year 2009, which defendant knew and

26   believed was not true and correct as to every material matter, in

27   that the tax return reported approximately $15,448 in taxable

28   income, whereas, as defendant then knew and believed, he had

                                                    EXHIBIT
                                                      A

1  received approximately $39,330 in additional taxable income that

2  was not reported on the tax return.

3

4                              ANDRÉ BIROTTE JR.
                               United States Attorney
5

6                              ROBERT E. DUGDALE
                               Assistant United States Attorney
7                              Chief, Criminal Division

8                              RICHARD E. ROBINSON
9                              Assistant United States Attorney
                               Chief, Major Frauds Section
10
                               ALKA SAGAR
11                             Assistant United States Attorney
                               Deputy Chief, Major Frauds Section
12

13
# DRAFT
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28